UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**DEBORAH LAUFER, Individually,** :
:
    **Plaintiff,** :
:
**v.** : Case No. 3:20-cv-01163-SMY
:
**MAHAKALI INC d/b/a RELAX INN** :
**MARSHALL, an Illinois Corporation ,** :
:
    **Defendant.** :
_____/ :

**PLAINTIFF'S MOTION TO STRIKE JURY REQUEST
AND INCORPORATED MEMORANDUM OF LAW**

PLAINTIFF, by and through undersigned counsel, and pursuant to Fed. R. Civ. Pro. 39, hereby files the following Motion To Strike Defendant's Jury Demand, and as grounds therefore states as follows:

1.    Plaintiff, a disabled person, filed a Complaint against the Defendant pursuant to the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), seeking injunctive relief for the removal of barriers to access present at the Defendant's facility. No award of damages is sought.

2.    In response thereto, Defendant filed a demand for jury trial.

<u>MEMORANDUM OF LAW</u>

Rule 39(a) of the Federal Rules of Civil Procedure states in pertinent part that: "...The trial of all issues so demanded shall be by jury, unless...[t]he court upon motion or of its own initiative finds that a right of trial by jury of some or of all those issues does not exist under the Constitution or statutes of the United States."

To determine whether a right to jury trial exists under the Seventh Amendment, the Court must examine both the nature of the statutory action and the remedy sought. See Feltner v. Columbia Pictures Television, Inc., 118 S. Ct. 1279 (1988). Parties are not entitled to trial by jury where only injunctive relief is sought. Wilson v. Bailey, 934 F.2d 301, 305 n.4 (11th Cir. 1991); Harty v. Tathata, Inc., Case No. 5:10-113-FL, DE 17 (E.D. N.C. 8/11/10). This rule is applicable to ADA Title III cases, such as the case at bar. See Access For The Disabled, Inc. v. Monroe Management LLC, No. 01-6555 (S.D. Fla. 2001); Sharer v. Oregon, Case No. 04-1690-BR, 2007 WL 3348265 *3 (D. Or. 2007); Cherry v. City Coll. Of San Francisco, Case No. 04-4981, 2006 WL 249519 *1 (N.D. Cal. 2006); Hatcher v. RMR Investment Co., Case No. 04-817, 2005 WL 2338788 *4 (M.D. Tenn. 2005).

In the instant action, Plaintiff seeks only injunctive relief against the Defendant for violations of the ADA. Therefore, since injunctive relief is an equitable remedy, and there is no right to a trial by jury, Defendant's demand for jury trial must be stricken.

WHEREFORE, Plaintiff respectfully requests that this Court strike Defendant's jury demand.

Respectfully submitted,

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.

644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 139262

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this December 30, 2020.

By: /s/ Kimberly A. Corkill, Esq.